**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10344 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00328-DWL-1 |
| v. | |
| FRANCISCO LOPEZ-REYES, a.k.a. Francisco G. Lopez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted November 17, 2020
Phoenix, Arizona

Before:    TALLMAN, BYBEE, and BADE, Circuit Judges.

Francisco Lopez-Reyes appeals his conviction following his conditional

guilty plea to one count of illegal reentry in violation of 8 U.S.C. § 1326(a).

Specifically, Lopez-Reyes collaterally challenges, under § 1326(d), the deportation

order that served as a predicate for his illegal reentry conviction.  He argues that

the order was fundamentally unfair because he was not properly advised of his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Fifth Amendment right to counsel and therefore did not validly waive that right, which deprived him of the opportunity to apply for a U visa based on his status as the victim of a stabbing that occurred when he was a teenager. Because the parties are familiar with the facts, we do not recite them except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's denial of a motion to dismiss an indictment under § 1326(d). *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 755 (9th Cir. 2015). Factual findings are reviewed for clear error. *Id.* In order to prove that his 2011 administrative removal proceedings were "fundamentally unfair," Lopez-Reyes must show that: (1) his "due process rights were violated by defects in [his] underlying deportation proceeding," and (2) "[he] suffered prejudice as a result of the defects." *Id.* at 756 (citation omitted). In evaluating his claim, the district court elected not to decide whether Lopez-Reyes's due process rights were violated, instead finding that Lopez-Reyes could not show that his removal was fundamentally unfair because he failed to demonstrate prejudice resulting from the alleged violation. We agree.

Although Lopez-Reyes "does not have to show that he actually would have been granted relief" from removal to establish prejudice, he still must "show that he had a 'plausible' ground for relief from deportation." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004) (quoting *United States v. Arrieta*,

2

224 F.3d 1076, 1079 (9th Cir. 2000)). Plausibility requires a showing "that relief was more than 'possible,'" but not "that it was 'probable.'" *Cisneros-Rodriguez*, 813 F.3d at 761. Here, the district court correctly found that Lopez-Reyes did not show that it was plausible that he would have received a U visa.

A U visa application would have required a certification from the Phoenix Police Department ("PPD") attesting that Lopez-Reyes was a victim of a qualifying crime, possessed information about the crime, and "[had] been, is being, or [was] likely to be helpful to an investigation or prosecution of" the crime. 8 C.F.R. § 214.14(c)(2)(i). Additionally, because of his prior state-law convictions for armed robbery and attempted armed robbery Lopez-Reyes would have had to obtain a discretionary waiver of inadmissibility from U.S. Citizenship and Immigration Services ("USCIS").[1]

The district court weighed the evidence, including the police reports documenting the investigation into the stabbing of Lopez-Reyes and several others in 2007, and two expert declarations submitted on behalf of Lopez-Reyes opining that he would have received the necessary certification and waiver of inadmissibility. The district court found that Lopez-Reyes was the only witness in

---

[1] If USCIS determined that Lopez-Reyes's prior convictions were for "violent or dangerous crimes," it would "only exercise favorable discretion" to grant a waiver of inadmissibility in the presence of "extraordinary circumstances." 8 C.F.R. § 212.17(b)(2).

the stabbing investigation "who was singled out by the police as having lied to them," and that "although Lopez-Reyes initially suggested he was willing to assist in the prosecution, the case fell apart after he and the other witnesses refused to return the PPD detective's messages." Given these facts, and because of the "seriousness of his criminal history," the court properly concluded that Lopez-Reyes would have presented as a "particularly poor candidate" for a U visa, notwithstanding the views expressed by his expert witnesses. In the words of the district court, Lopez-Reyes was "a three-time armed robber whose half-hearted efforts to cooperate with the police concerning an earlier crime were marred by lies and a failure to follow through when it counted."

The district court did not clearly err in its findings. As a result, we conclude that Lopez-Reyes has not shown that it is plausible he would have obtained a discretionary U visa if he had been advised by counsel during his 2011 administrative removal proceedings. Accordingly, the district court did not err in denying Lopez-Reyes's motion to dismiss the indictment under § 1326(d).

**AFFIRMED.**

4